UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RODOSVALDO C. POZO,

    Plaintiff,

v.       **Case No. 2:18-cv-01486-WED**

SHERIFF DALE J. SCHMIDT,
CHAPLAIN TIMOTHY BAUER,
DR. DEB and
RN TAMMY,

    Defendants.

**SHERIFF DALE J. SCHMIDT AND CHAPLAIN TIMOTHY BAUER'S REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

Sheriff Dale J. Schmidt and Chaplain Timothy Bauer, by their attorneys, Crivello Carlson, S.C., submit the following reply brief in support of their motion for summary judgment.

**I.  SUMMARY JUDGMENT IS APPROPRIATE BECAUSE INMATE POZO FAILED TO COMPLY WITH THE SUMMARY JUDGMENT RULES.**

This Court should grant Sheriff Schmidt and Chaplain Bauer's motion because of Inmate Pozo's serious, repeated failures to comply with Rule 56 and Civil Local Rule 56. His failures are pervasive, and they include not only his failure to properly respond to Defendants' Proposed Findings of Fact with specific citations that support his denials, but also his failure to cite to *any* evidentiary material to support his own proposed findings of fact or citations to facts in his legal memorandum. Therefore, this Court should deem Sheriff Schmidt and Chaplain Bauer's proposed findings of fact as uncontroverted and disregard Inmate Pozo's proposed findings of facts pursuant to Rule 56(e), leading to summary judgment in favor of these defendants.

The Seventh Circuit has made it clear that a District Court is not required to scour the record in search of a genuinely disputed fact. The Seventh Circuit explained that a "district court is not required to 'wade through improper denials and legal argument in search of a genuinely disputed fact.'" *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003)(quoting *Bordelon v. Chi. Sch. Reform Bd. Of Trs*. 233 F.3d 524, 529 (7th Cir. 2000). The District Court's enforcement of the federal and local rules is fully in accordance with controlling and guiding case law. The Seventh Circuit's long-standing deference to the District Court's enforcement of its local rules was recognized in *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918 (7th Cir. 1994); *Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 527 (7th Cir. 2000); *Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809 (7th Cir. 2004). In *Waldridge*, the court held:

> We have endorsed the exacting obligation these rules impose on a party contesting summary judgment to highlight which factual averments are in conflict as well as what record evidence there is to confirm the dispute, explaining that district courts are not obliged in our adversary system to scour the record looking for factual disputes and may adopt local rules reasonably designed to streamline the resolution of summary judgment motions. **We have also repeatedly upheld the strict enforcement of these rules, sustaining the entry of summary judgment when the nonmovant has failed to submit a factual statement in the form called for by the pertinent rule and thereby conceded the movant's version of the facts**.

*Waldridge*, 24 F.3d at 922 (citations omitted)(emphasis added). Moreover, the District Court in *Hamm v. Nestle USA, Inc.,* 2013 WL 4401328 (N.D. Ill. 08/15/13), best summed up an opposing party's procedural responsibility to create a material issue of fact as follows:

> It is not the role of the Court to parse the parties' exhibits to construct the facts. Judges are not 'like pigs, hunting for truffles buried in briefs.' 'Nor are they archeologists searching for treasure.' It simply is not the court's job to sift through the record to find evidence to support a party's claim. Rather, it is '[a]n advocate's job *** to make it easy for the court to rule in his client's favor ***.'

*Id. at *2*.

2

The court in *Waldridge* fully explains why compliance is necessary to "alert the court" to the factual evidence that creates the factual issue.

> These statements are not merely superfluous abstracts of the evidence. Rather, they are intended to alert the court to precisely what factual questions are in dispute and point the court to the specific evidence in the record that supports a party's position on each of these questions. They are, in short, roadmaps, and without them the court should not have to proceed further, regardless of how readily it might be able to distill the relevant information from the record on its own.

*Waldridge*, 24 F.3d at 923.

Here, Inmate Pozo did not provide the District Court with the necessary evidentiary "roadmap," instead expecting the Court to act as a pig "hunting for truffles" or embark on archaeological search for treasure. *Waldridge*, 24, F.3d at 923; *Hamm,* 2013 WL 4401328 *at \*2*.

### A. Inmate Pozo Failed to Properly Respond to Sheriff Schmidt and Chaplain Bauer's Proposed Findings of Fact.

When filing their motion for summary judgment, Sheriff Schmidt and Chaplain Bauer were required to either file stipulated material facts or a statement of proposed material facts which they contend are undisputed and that entitle them to summary judgment. Civil Local Rule 56(b)(1). The statement of proposed findings of fact was to be in numbered paragraphs with specific references to affidavits, declarations, or other supporting materials. Civ. L.R. 56(b)(1)(C). The defendants filed proposed findings of fact in compliance with these rules. (Dkt. 32).

In responding to the motion for summary judgment, Inmate Pozo was required to file a response to the statement of facts. Civ. L.R. 56(b)(2)(B). If Inmate Pozo disputed any proposed fact, he was required to include a specific reference to an affidavit, declaration or other part of the record. *Id*. Here, Inmate Pozo mostly failed to respond to Sheriff Schmidt and Chaplain

3

Bauer's Proposed Findings of Fact with any citations to his support, which leaves all of these facts uncontroverted. Those responses that did contain references to a document are not specific and failed to reference any authenticated document. Nor did the document reference create any dispute to the defendants' proposed facts. The court in *Ammons* held that the individual responses should cite to <u>specific</u>, not <u>general</u>, parts of an affidavit or the record.

> [W]here a non-moving party denies a factual allegation by the party moving for summary judgment, that denial must include a specific reference to the affidavit or other part of the record that supports such a denial. Citations to an entire transcript of a deposition or to a lengthy exhibit are not specific and are, accordingly, inappropriate. **A court should not be expected to review a lengthy record for facts that a party could have easily identified with greater particularity**.

*Ammons*, 368 F.3d at 817-18 (emphasis added). As such, the Local Rules require the Court to deem Sheriff Schmidt and Chaplain Bauer's uncontroverted material facts admitted for the purpose of deciding summary judgment. Civ. L. R. 56(b)(4).

Sheriff Schmidt and Chaplain Bauer's complied with Local Rule 56(a) by providing Inmate Pozo with the full text of Rule 56 and Local Rule 56 in their Motion. (Dkt. 33). Inmate Pozo had notice of his obligations, and yet he still failed to comply with the rules. The Seventh Circuit has instructed that "even *pro se* litigants must follow procedural rules of which they are aware, and district courts have discretion to enforce these rules against such litigants." *Sievert v. Norberg,* 2009 WL 4908321, *1 (E.D. Wis. Dec. 18, 2009) (Griesbach, C.J.) (see attached) (citing *Hill v. Thalacker*, 210 Fed.Appx. 513, 517 (7th Cir. 2006)). As this Court has stated previously: "[v]iolation of the Civil Local Rules—particularly when the violation involves submissions to the Court—are serious, because the violation seriously diminishes the abilities of

4

the parties and the Court to understand the totality of the situation before it." *Andersen v. Harris & Harris, Ltd.,* 2014 WL 1600575, *1 (E.D. Wis. 2014) (see attached).

So it is here. Inmate Pozo's failure to provide "a concise response to the moving party's statement of facts," with proper cited evidentiary support in disagreement, is a direct violation of Local Rule 56(b)(2)(B)(i-ii). Inmate Pozo's failure leaves these defendants at a disadvantage in replying to his response because they are required to scour the record and guess as to the specific support for his denial. This is precisely the situation Local Rule 56 seeks to avoid. As this Court has instructed, "[o]ur local rules are very clear: '[t]he Court will deem uncontroverted statements of material fact admitted solely for the purpose of deciding summary judgment.'" *Id.* Thus, this Court should deem Defendants' Proposed Findings of Fact as admitted as a result of Inmate Pozo's failure to respond to them with proper citations to support. As Sheriff Schmidt and Chaplain Bauer's Proposed Findings of Fact are fatal to Inmate Pozo's claims, this Court should grant their Motion for Summary Judgment and dismiss them with prejudice.

### B. Inmate Pozo Failed to Cite to Evidentiary Materials in Support of His Proposed Findings of Fact and Failed to Cite to Facts in His Memorandum.

The court also should not consider Inmate Pozo's proposed facts because they do not comply with the local rules. Civil L.R. 56(b)(4)(E.D. Wis.); *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994)("We have…repeatedly upheld the strict enforcement of [local] rules, sustaining the entry of summary judgment when the non-movant has failed to submit a factual statement in the form called for by the pertinent rule and thereby conceded the movant's version of the facts.").

Although Inmate Pozo filed his own Proposed Findings of Fact, not one of them contains any supporting evidentiary citation. Local Rule 56(b)(2)(B)(ii) requires a party to cite to

5

"affidavits, declarations, parts of the record, and other supporting materials relied upon to support the facts described in the paragraph." Inmate Pozo's failure to provide evidentiary support requires this Court to ignore all of his proposed findings of fact. *Hill*, 210 Fed.Appx. at 515 (finding that the district court acted within its discretion when it ignored the *pro se* inmate's proposed findings of fact for failure to cite to evidentiary support).

It is irrelevant that Inmate Pozo previously filed an Affidavit in support of his own motion for summary judgment in this case. Rule 56 and Civil Rule 56 clearly contemplate an affidavit as a separate requirement from a party's proposed findings of fact that is to act as an independent evidentiary instrument to support the proposed facts. If that were not true, then affidavits and declarations would not be listed separately in Rule 56 and Local Rule 56(b)(2)(B)(ii), or the rules would explicitly state that a party could simply submit an Affidavit in lieu of submitting properly cited proposed facts. In fact, the Seventh Circuit has instructed district courts that it is appropriate to ignore a non-movant's affidavit because the non-movant's proposed findings of facts failed to cite them as required by the court's local rules. *Tatalovich v. City of Superior*, 904 F.2d 1135, 1140 (7th Cir. 1990). The Court should do the same here and disregard all of Inmate Pozo's uncited facts for that reason.

In further contravention of the Rule 56 and Local Rule 56, Inmate Pozo failed to cite to any supported facts in his legal memorandum. Local Rule 56(b)(6) is clear that "assertions of fact in the parties' supporting memoranda must refer to the corresponding numbered paragraph of the statement of facts…" No such citations exist in Inmate Pozo's response brief. This Court need only consider cited materials. Fed. R. Civ. P. 56(c)(3). Inmate Pozo's carelessness in not

6

following several major summary judgment rules should result in this Court granting summary judgment in favor of Sheriff Schmidt and Chaplain Bauer.

## II. INMATE POZO FAILED TO ESTABLISH THAT THE DEFENDANT'S ARE NOT ENTITLED TO SUMMARY JUDGMENT

### A. Inmate Pozo's Brief in Opposition Does Not Establish Any Basis to Deny Summary Judgment for the Defendants

In opposition, Inmate Pozo filed a "motion opposing summary judgment." (See Dkt. 42). This "Brief" fails to make any argument in opposition to those made by the defendants. Rather this "Brief" merely lays out additional facts above and beyond his "proposed findings of material facts." (Dkt. No. 42). Besides one case law citation, this brief contains mostly unsupported factual claims and a couple citations to Plaintiff's previously provided exhibits detailing the requests and grievance he filed and responses he received, along with the business card he received from Chaplain Bauer. Inmate Pozo's failure to respond to the arguments detailed by Defendants shows that he cannot demonstrate the existence of sufficient evidence that if believed by a jury, would support a verdict in his favor. *Jelinak v. Greer*, 90 F.3d 242, 243-44 (7th Cir. 1996).

Even if this Court were to consider Inmate Pozo's reply brief in support of his own summary judgment, the defendants still are entitled to summary judgment in their favor. (Dkt. 40). In his reply brief, Inmate Pozo improperly cites to and relies on the standards under motions to dismiss, arguing that he only need "provide notice of the elements of his claim, not all the facts to support them." (Dkt. 40, p. 4-5). However, Inmate Pozo is mistaken that this is what is required to survive the summary judgment stage.

7

At the summary judgment stage, a plaintiff cannot rest on the pleadings, but must demonstrate the existence of sufficient evidence that if believed by a jury, would support a verdict in his or her favor. *Jelinak v. Greer*, 90 F.3d 242, 243-44 (7th Cir. 1996). "Once a party has made a properly-supported motion for summary judgment, the opposing party may not simply rest upon the pleadings but must instead submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1104 (7th Cir. 2008), (quotation marks omitted), cert. denied, 129 S. Ct. 1349 (2009); see Fed. R. Civ. P. 56(e)(2). It is not enough to raise a "metaphysical doubt" with respect to the existence of a genuine issue of triable fact. *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Summary judgment is the "put up or shut up" moment in a lawsuit. *Johnson v. Cambridge Indus.*, Inc., 325 F.3d 892, 901 (7th Cir. 2003); *See Vasquez v. Hernandez*, 60 F.3d 325, 328 (7th Cir. 1995).

Inmate Pozo's complete failure to even cite to the proper standard clearly shows that he has not and cannot raise an issue of material fact to oppose Defendants' motion for summary judgment.

### B. Inmate Pozo Failed to Raise an Issue of Material Fact Regarding the Personal Involvement of Defendants

Inmate Pozo argues that Sheriff Schmidt and Chaplain Bauer were involved in the alleged depravations of his constitutional rights because he "wrote several requests and grievances and mentioned both Defendants." Not only is this claim unsubstantiated by any citation to the record, it also does not establish that Defendants had any personal involvement in this case.

8

Here, the now undisputed record is that Chaplain Bauer has no role or authority for making decisions as to religious requests including whether the jail should allow an inmate a religious book (such as a Quran). Nor was Chaplain Bauer responsible for arranging religious services or approving an inmate to participate in Ramadan. (DPF ¶¶ 2, 24, 34-37). If Inmate Pozo did request a Quran, to attend Jumu'ah services, or to participate in Ramadan, Chaplain Bauer would have told him to ask a jail officer or contact the Programs Corporal as Chaplain Bauer did not have any responsibility or role regarding these types of requests. (DPF ¶ 33). Finally, although Inmate Pozo claims that his requests were being denied by Chaplain Bauer, it is clear when looking at the record that Inmate Pozo's requests and grievances were filed through the jail process. (DPF ¶¶ 12, 14-15). It is undisputed that Chaplain Bauer had no personal involvement with the jail process of requests and grievances, and therefore, he had no personal involvement or official authority to act with regard to any alleged violation of Inmate Pozo's rights. (DPF ¶ 27).

The same is true with respect to Sheriff Schmidt. While Inmate Pozo believes the "Sheriff" had involvement in the booking process, reviewing inmate requests and grievances, he has failed to cite to any evidence in support of these claims. The undisputed record shows that Sheriff Schmidt had *no* involvement or contact with Inmate Pozo while he was incarcerated at the Dodge County Detention Facility. Inmate Pozo has introduced no evidence to refute this. Sheriff Schmidt did not receive or review any inmate requests, grievances or appeals related to his request for a Quran, attendance at religious services or participation in Ramadan. (DPF ¶¶ 21-22). There is no evidence that Sheriff Schmidt was aware of any request for a Quran, that Inmate Pozo wanted to attend Jumu'ah services or that Inmate Pozo had inquired about the dates for Ramadan, much less

9

that Sheriff Schmidt approved any unconstitutional conduct. (DPF ¶ 22). Therefore, Inmate Pozo cannot succeed on his claim that Sheriff Schmidt violated Inmate Pozo's First Amendment right.

### III. INMATE POZO DID NOT EXHAUST HIS ADMINISTRATIVE REMEDIES

#### A. Inmate Pozo Fails to Show That He Is Not Required to Comply with Dodge County Detention Facility's Policy and Procedure Regarding Grievances

Inmate Pozo has not established he is relieved from exhausting his administrative remedies before filing this lawsuit. The Court has screened Inmate Pozo's complaint pursuant 28 U.S.C. § 1915A, making it clear that all requirements under the statute apply to him. This is similar to previous cases where the Eastern District has applied § 1915A to ICE detainees. For instance, last year, in *Mora-Guerra v. Kenosha County Detention Center Medical Staff*, No. 17-CV-1593, 2018 WL 1108687, at *1 (E.D. Wis. Feb. 27, 2018)(attached), a plaintiff brought an action under 42 U.S.C. § 1983, and was "in Immigration and Customs Enforcement (ICE) custody at the Kenosha County Detention Center (KCDC)." Although it was not presented with the specific question of whether ICE detainees were "prisoners" under 28 U.S.C. § 1915A, the Court specifically cited Section 1915A in noting that it was "required to screen complaints brought by prisoners seeking relief against a governmental entity or officer . . . ." *Id.* The Court then went on to analyze the sufficiency of the ICE detainee's complaint, including whether the allegations of personal involvement were sufficient to state claims upon which relief could be granted. *Id.* at *2–3.

Similarly, in *Rivadeneira v. Department of Homeland Sec.*, No. 15-CV-551, 2015 WL 4067780, at *1–2 (E.D. Wis. July 1, 2015)(attached), a plaintiff attempted to bring a class-action suit against, among other defendants, the Department of Homeland Security and ICE, under 42 U.S.C. § 1983 "on behalf of himself and thousands of federal detainees and their families

10

worldwide." The plaintiff "was a doctor in Ecuador and, just prior to his detainment, was studying to take the medical boards in the United States." *Id.* at *3. The Eastern District specifically cited Section 1915A, reasoning that "[f]ederal law requires that the Court dismiss a complaint if a prisoner raises claims that are legally 'frivolous or malicious,' that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief." *Id.* The Court then went on to screen the detainee's complaint. *Id.*

Thus, *Moa-Guerra* and *Rivadeneira* provide analogous and reliable guidance for this Court. Plaintiff has not provided the Court with any binding legal authority requiring it to change course from the procedure followed under Section 1915A in *Moa-Guerra* and *Rivadeneira*. Indeed, absent such authority, the Court should remain consistent with its previous applications of the text of Section 1915A(c) in *Moa-Guerra* and *Rivadeneira* and continued application of all requirements under § 1915A in this case, including the requirement of exhausting administrative remedies.

### B. The Undisputed Record Confirms Inmate Pozo Failed to Exhaust His Administrative Remedies.

Inmate Pozo has failed to present any admissible evidence in opposition to the defendants' facts and argument that he failed to exhaust the grievance procedure outlined by the Dodge County Detention Facility prior to filing suit. Inmate Pozo has failed to show he was justified in not following the grievance procedure given his violations of the Local Rules relating to responding to proposed facts and his own proposed facts. Nowhere in Inmate Pozo's response brief or his own proposed findings of fact does he cite to any required evidence, making all of his allegations unsupported. This is a flagrant violation of Rule 56 and Local Rule 56, which require

11

a non-moving party to refer to citations in his statement of facts. The court need only consider cited materials, which Inmate Pozo does not provide. Fed. R. Civ. P. 56(c)(3).

With no supporting evidentiary materials, this Court should grant summary judgment. The now undisputed record shows that, first, Inmate Pozo never exhausted his administrative remedies relating to Ramadan. (DPF ¶¶ 17-18, 31, 33, 35). Inmate Pozo's arguments and exhibits confirm that he never filed any inmate request, grievance or an appeal relating to any request for information he made as to the dates of Ramadan or that he would like to participate in Ramadan. (DPF ¶ 17). As such, this claim must be dismissed for failing to exhaust the Dodge County Detention Facility's grievance procedure.

Nor does or can Inmate Pozo show that he ever exhausted the grievance procedure relating to his request for a Quran or to attend Jumu'ah religious services. Inmate Pozo submitted a grievance on June 8, 2018 relating to his requests for a Quran and for Jumu'ah services. A jail officer responded to this grievance indicating that an officer had provided Inmate Pozo with a Quran. The officer further advised as to Jumu'ah services as the jail. (DPF ¶¶ 14-15). Inmate Pozo's motion and documents makes clear that he never filed any appeal with the Deputy Jail Administrator or an appeal with the Jail Administrator which were required steps under the grievance procedure. (DPF ¶ 16).

Since Inmate Pozo failed to exhaust his administrative remedies relating to the allegations in the Amended Complaint as against the defendants, his lawsuit should be dismissed.

12

## CONCLUSION

For all of the reasons above, the Defendants respectfully request that the Court grant Sheriff Schmidt and Chaplain Bauer's Motion for Summary Judgment costs and disbursements allowed by law.

Dated this 24th day of October, 2019.

By: s/Amy J. Doyle
AMY J. DOYLE
State Bar No. 1001333
JOSE A. CASTRO
State Bar No. 1098146
Attorneys for Defendants Sheriff Dale J. Schmidt and Chaplain Timothy Bauer
**CRIVELLO CARLSON, S.C.**
710 N. Plankinton Avenue, Suite 500
Milwaukee, WI 53203
**Telephone**: (414) 271-7722
**Fax**: (414) 271-4438
**Email**: adoyle@crivellocarlson.com
jcastro@crivellocarlson.com

13

Case 2:18-cv-01486-WED   Filed 10/24/19   Page 13 of 13   Document 44